| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 4:13-CR-176(1) |
| | § | |
| HABIBOOLA NIAMATALI | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Habiboola Niamatali's ("Niamatali") Motion for Bail Pending Appeal (#337), wherein Niamatali requests the court to grant him bail pending appeal. On July 29, 2016, a jury found Niamatali guilty of one count of conspiracy to distribute and possess with the intent to distribute controlled substances. *See* Doc. No. 275. The court subsequently sentenced Niamatali to 78 months' imprisonment, followed by two years of supervised release. *See* Doc. No. 312. On February 9, 2017, Niamatali filed a Notice of Appeal (#314), and on January 26, 2018, the United States Court of Appeals for the Fifth Circuit issued an opinion holding that venue was improper in this district. Consequently, the Fifth Circuit reversed and vacated the judgment, remanding the case back to this court.

The Government is currently seeking authority from the Solicitor General to ask for an *en banc* review of the Fifth Circuit's opinion, relying on the Sixth Circuit's opinion in *United States v. Elliot*, 876 F.3d 855 (6th Cir. 2017), which reached a different conclusion with regard to venue under similar facts. In the instant motion, Niamatali seeks to be granted bail pending this appeal by the Government. Any right to bail pending appeal "derives from 18 U.S.C. § 3143, which 'establishes a presumption against' its being granted." *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006) (citing *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987)); *United States v. Scheur*, 626 F. Supp. 2d 611, 615 (E.D. La. 2009). Pursuant to the Bail Reform Act,

in order to be a candidate for bail, a convicted defendant has the burden to: (A) establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; (B) show that the appeal is not for the purpose of delay and raises a substantial question of law or fact that is likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990); *United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985).

Niamatali contends that he is not likely to flee or pose a danger to the safety of any person or the community if released. He maintains that he "was on pretrial release, without issue, from June 16, 2013[,] until the jury returned a verdict of guilty on July 29, 2016[,] and he was remanded into the custody of the U.S. Marshal[]." Further, he avers that he has family ties to this community and that he is 77 years old and in poor health. Thus, according to Niamatali, "[h]is age, physical health, family ties, and history of compliance with conditions of release establish that he is not a risk of flight nor does he pose a danger to the community."

The Government vehemently disagrees with Niamatali's contentions. To the contrary, the Government asserts that Niamatali has demonstrated that he is likely to flee if released. Specifically, the Government notes that Niamatali has substantial ties to Guyana, to which he could easily flee. In fact, during trial, Niamatali announced his desire to return to Guyana to work with the citizens there. *See* Doc. No. 329, at 199-215. Additionally, although Niamatali presently urges his alleged "poor health," he has a long history of misrepresenting the status of his health in this proceeding. For example, while on pretrial release, Niamatali claimed that his health was

so poor that he could not proceed to trial. The court conducted a hearing on the matter and learned that Niamatali drove a car and was actively treating patients at his medical clinic, which he was expressly prohibited from doing due to the nature of the charges against him. Accordingly, the court denied his motion to continue the trial. At trial, he actively participated in his defense, robustly insisting that he was innocent, and testified in his own defense for two days, strongly voicing his position in detail. Based on this history, it is reasonable to think that Niamatali poses a danger of flight if released. Moreover, given his lack of compliance with court orders to stop prescribing medicine, it is also reasonable to believe that Niamatali poses a danger to others around him. Therefore, Niamatali has not met his burden to establish, by clear and convincing evidence, that bail is warranted. Hence, Niamatali's Motion for Bail Pending Appeal (#337) is DENIED.

SIGNED at Beaumont, Texas, this 2nd day of February, 2018.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE